ALBANY,
October, 1823.

CLARK
v
OSTRANDER.

CLARK *against* OSTRANDER.

ON *certiorari* to a Justice's Court. *Ostrander* had obtained a judgment against *Clark*, in the Court below, on the 26th *August*, 1822, for 3 dollars and the costs, in trespass.

*vent* the bringing a *certiorari* to reverse it; nor supersede one already

Paying or settling a judgment before a justice, does not prevent the bringing a certiorari to reverse it; nor supersede one already brought.

But a matter which merely *exempts* a man from serving on a jury, and does not incapacitate him, can never be a cause of challenge. An instance of these *exempts* is in 1 *R. L.* 335, *s.* 28. And it is said in *Hawk. c.* 43, *s.* 26, that if a person thus exempted, be summoned, and appear, he cannot excuse himself from serving on a jury, if there be not a sufficient number of jurors without him. He instances old age, &c. under the statute of *Westm.* 2, *ch.* 38.

If a juror be erroneously named in the *distringas,* panel, &c. and sworn by such wrong name, if the error be in the christian name it amounts only to a matter of challenge, and cannot be objected after verdict. (*Willes,* 488. 12 *East,* 230, a. 2 *Burn. J.* 856.) If the surname, (particularly where the person serving is not the same that was intended to be summoned) the Court have, in such a case, set the verdict aside. (*Willes,* 484. *Barnes,* 453. 6 *Taunt.* 460 *Barnes,* 455.) But see 12 *East,* 229, where the Court held it was discretionary with them to grant a new trial, in such a case, or not ; and that they would not do so, unless the mistake, as to the juror, had been productive of some injustice.

CLARK
v.
OSTRANDER.

In *Sept.* thereafter, he employed Mr. *Jenkins* to bring a writ of *certiorari.* Shortly 'after this, *Clark* obtained a judg-

3. Challenge *propter affectum,* by reason of some supposed bias or partiality. Thus, that the juror is of kin to either party, within the 9th degree, (*Finch, L.* 401. 3 *Bl. Com.* 363) or, according to *Ld. Coke,* however remote the kindred, (*Co. Litt.* 157)—that there is an affinity or alliance, by marriage, between the juror and one of the parties, if such affinity continue, or there be issue of the marriage alive; for otherwise it would be but a challenge to the favour, (*Co. Litt.* 157)—that the juror is god-father to the party's child, or the party god-father to the juror's child—that the juror has land which depends upon the same title as the land in question; or, in a cause where the parson of the parish is a party, and the right to the church comes in debate, that the juror is a parishioner is a good cause of challenge; and so in all other cases where the juror has an interest in the action, direct or collateral—(See *Burr.* 1847; 2 *John.* 194; *St. sess.* 43, *ch.* 37, *s.* 3; 5 *Mass. Rep.* 90; 2 *South. Rep.* 686)—that the juror has before given a verdict in the same cause, or upon the same title or matter, though between other parties—that he was chosen arbitrator in the same cause, by one of the parties, and has entered upon an examination of it; but otherwise if he were chosen indifferently by both parties—that he is counsellor, servant, or of fee of either party, (*Co. Litt.* 157)—that he is tenant of either party, (*Gilb. C. B.* 95)—that he is of the same society or corporation with either party, (3 *Bl. Com.* 363)—but that he is his fellow servant is but a challenge to the favor, (*Co. Litt.* 157)—that he has taken information of the case before he is sworn, (2 *Hale,* 306)—that he has declared his opinion of the case beforehand, (2 *Hawk. ch.* 43, *s.* 28; 1 *John. Rep.* 316,) but not where he merely expresses a conditional opinion, thus : " If the reports of the neighbours be correct, the defendant is wrong, and the plaintiff is right ;" (8 *John.* 445; 1 *C. H. Recorder,* 24, *S. P.*; 6 *C. H. Recorder,* 71, *S. P.*)—that since he has been returned, he has eaten or drunk at the expense of one of the parties; (*Co. Litt.* 157) but that one of the parties has been lately entertained at the juror's house, is only matter of challenge to the favour, (3 *Salk.* 81)—that one of the parties has laboured the juror, and given him money or other thing for giving his verdict; but if the party only labour the jury to appear, and act conscientiously, it is no matter of challenge whatever—that an action, implying malice or displeasure, is pending between the juror and one of the parties; but if not implying malice or displeasure, it is but matter of challenge to the favour. (*Co. Litt.* 157.)

4. Challenge *propter delictum ;* when for some act of the juror, he has ceased to be, in consideration of law, *probus et legalis homo.* Thus, that he has been convicted of treason, felony, perjury, conspiracy, forgery, &c.—that he has received judgment of the pillory or other infamous corporal punishment, for any infamous crime—that he is outlawed upon criminal process ; (*Co. Lit.* 158,) but it is doubted whether outlawry in a personal action disqualifies a man from being a juror. (See *Cro. Car.* 135. *W. Jon.* 198. *Ley,* 81.)

ment before another Justice, against *Ostrander*, for $21,30. And on the 8*th Oct.* 1822, the parties settled their accounts,

The challenge to the polls for favour, is of the same nature with the principal challenge *propter affectum*, but of an inferior degree. The general rule of law is, that the juror shall be indifferent ; and if it appear probable that he is not so, this may be made the subject of challenge, either principal or to the favour, according to the degree of probability of his being biased. The cause of principal challenge to the polls, we have seen, is such matter as carries with it, *prima facie*, evident marks of suspicion, either of malice or favour. But when, from circumstances, it appears probable that a juror may be biased in favour of, or against either party, and yet such circumstances do not amount to matter for a principal challenge, it may then be made a challenge to the favour. The effect of these two species of challenge is the same ; the only difference between them, is in the mode of trying them. (1 *Archbold*, 183. *Co. Litt.* 158, a. 2 *Caines' Rep.* 133.) If a juror declare on oath to the triors, that the testimony being equal, he should find a verdict for the plaintiff, he should be rejected. (7 *Cranch*, 291.) And in an action by a bank, the juror stating that he was the indorser of a note to the bank, was found by the triors not indifferent ; and this was holden well. (19 *John.* 115.) That he was a stockholder in the bank, would of course, be a good objection. (6 *C. H. Recorder*, 69.) If the triors are in doubt whether the juror is indifferent, they should find him not indifferent. (4 *C. H. Recorder*, 81.)

*When and how made.* No challenge either to the array or to the polls, can be made, before a full jury have appeared, (2 *Hawk. c.* 43, *s.* 1.) It is immaterial which party challenges first ; but the party who first begins to challenge, must finish all his challenges before the other begins ; otherwise, he is precluded from making any further challenges. Also, the challenges of the party who challenged first, shall be first tried. (*Tr. per Pais*, 144.)

The challenge to the array must be in writing. It may be in this form : " And now at this day, to wit, on ―― come as well the aforesaid *J. S.* as the aforesaid *J. N.* by their respective attornies ; and the jurors of the jury, impanelled, being summoned, also come ; and hereupon the said *J. N.* challengeth the array of the said panel ; because he saith that [*here set forth the matter of challenge, with certainty and precision,*] and this he is ready to verify. Wherefore he prayeth judgment, and that the said panel may be quashed." See the form of a challenge to the array that the jury were returned at the instance of the party, (2 *Burn. J* 868)—that the Sheriff is of kin to one of the parties, (*id.*)—that the Sheriff is an alderman, and interested in the event of the trial, (*Cr. Cir. Comp.* 105)—that the Sheriff is a citizen and freeman, and has paid a sum of money towards defraying the expenses of the suit, (and see a counterplea to this last challenge, and a demurrer to the counterplea. *Id.* See also, *Tr. per Pais*, 152–134. 10 *Wentw.* 474. 2 *Rich. Pract. C. B.* 180. *Lill. Ent.* 472.) Mr. *Woddeson*, the late *Vinerian* professor, has furnished the form of a challenge to the array, a demurrer, and judgment thereupon, and a prin-

ALBANY,
October, 1823.

CLARK
v.
OSTRANDER.

and set off the small against the large judgment. This was done in consequence of *Ostrander's* declaring to *Clark*, that cipal challenge to the polls *ore tenus*, and a judgment thereupon, with some other useful particulars in relation to these challenges, which are mentioned in *Hesketh* v. *Braddock, Burr.* 1847. (See 3 *Wood. Lec.* 347, *n.* i.)

Mr. *Wooddeson's* note is thus : " As Sir *James Burrow* has not given the record at length, I have set down the torm of these challenges, (which is not of every day's experience) from my MS. precedents.——" And hereupon the said S. B. prayeth judgment of the panel aforesaid, because he says that the said panel was arrayed and made by J. C. and J. D. Sheriffs of the said city of *Chester ;* and that the said J. C. and J. D. were, at the time of the making of the panel aforesaid, and continually from thenceforth hitherto have been and still are citizens and freemen of the said city of *Chester ;* and this the said S. B. is ready to verify. Wherefore he prays judgment, and that the panel aforesaid may be quashed. And the said P. E. and H. H. say, that the matter in the aforesaid challenge to the array of the said panel contained, is not sufficient, in law, to quash the array of the said panel ; and this they are ready to verify. Wherefore they pray judgment, and that the array of the said panel may be allowed by the Court here. And the said S. saith for that he hath above alleged a sufficient challenge to quash the array of the panel aforesaid, which he is ready to verify, which said challenge the said P. and H. do not, nor doth either of them deny, nor to the same in any wise answer, but do, and each of them doth altogether refuse to admit that averment, he the said S. prays judgment, and that the array of that panel may be quashed. And hereupon it is judicially taken notice of by the said Court here, and is known to the same Court, that by the custom and constitution thereof, and of the city aforesaid, no person or persons can or ought to array the panel of any jury within the jurisdiction of the said Court, or in any civil suit within the same city, other than the Sheriffs of the same city, for the time being, or one of them, or (by reason of any default in the said Sheriffs) the Coroners of the said city, for the time being, or one of them ; and that, by the custom of the said city, from time immemorial, no person or persons can or ought to be Sheriffs or Coroners, of or within the said city, but citizens and freemen of the same city. And now all and singular the matters aforesaid, whereof the said parties have above put themselves upon the judgment of the said Court here, having been seen, and fully understood, by the same Court, it appeareth to the same Court here, that the matter contained in the aforesaid challenge to the array of the said panel, is not sufficient in law to quash the said array of the panel aforesaid.—— Therefore it is considered, by the said Court here, that the said challenge of the aforesaid S. to the said array of the said panel be disallowed ; and that the said panel of the aforesaid jury, so arrayed as aforesaid, be allowed and taken. And hereupon the said S. B. *ore tenus* in open Court challengeth the polls, because he says, that the jurors, above named, are citizens and freemen, and each of them is a citizen and freeman of the said

he should give security and take out the execution, notwithstanding the *certiorari* which had been brought. The

city of *Chester.* Which said challenge by the Court here is disallowed. And hereupon the said jurors," &c.

N B This challenge *ore tenus* was omitted in the first engrossment of this record ; and which the defendant *alleged diminution ;* and this challenge *ore tenus* was then inserted, &c. by rule."

ALBANY,
October, 1823.

CLARK
v.
OSTRANDER.

cause upon the *certiorari* had since proceeded, and an assignment of errors had been filed and served. And now, on the above facts,

*M'Kissock*, for the defendant, moved to set aside the *certiorari*, and all subsequent proceedings.

*L. Jenkins*, contra.

*Curia.* The settlement and set off of the judgment, does not supersede the *certiorari*. The defendant, in the small judgment, did no more than he might have been compelled to do by execution. He paid it, but this will not prevent a *certiorari*.

Motion denied.